[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'SAMENDED MOTION FOR MODIFICATION DATED MARCH 23, 1995
The defendant ("husband") has moved to modify a child support order of $670 entered on November 23, 1993, and an alimony order of $365 to his former wife, the plaintiff ("wife"), a total order of $1,035. As the movant, he has the burden to prove a substantial change in his circumstances or the plaintiff's circumstances since the last order was entered to the present time pursuant to General Statutes § 46b-86(a).
The hearing was held on April 11 and April 28, 1995, and the husband was represented by counsel and the wife was pro se. They both testified and submitted current financial affidavits.
These proceedings have been long and bitter having taken a great deal of judicial resources during the past three years. It would serve no useful purpose to relate those facts again here. This court has CT Page 7171 recited them in several decisions, which the wife has appealed, the latest being a decision dated April 4, 1995 regarding an accounting and distribution of funds from the sale of the marital home being held in escrow by Cohen Wolf as trustees pending resolution of the wife's appeal. In the April 4th decision, this court ordered Cohen Wolf to distribute $148,533.98 to the wife. On April 28, 1995, this court terminated the automatic stay provided for in § 4046 of the Connecticut Practice Book and ordered Cohen Wolf to release these funds to her immediately. In a Memorandum of Decision dated May 23, 1995, the court (Petroni, J.) granted the Trustee' motion for advice and correction and ordered the Trustee to distribute $121,652.90 to the wife (60% share) and $112,340.20 to the husband (40% share).
The court has reviewed the financial affidavits filed by the parties on November 17, 1993 and compared them to their current affidavits. In his 1993 affidavit, the husband listed his net monthly income from employment at $5,299 with expenses of $7,837. His 40% interest in the proceeds of sale of the jointly owned marital home was being held in escrow by Cohen Wolf as trustees was also listed. The wife's affidavit listed no income from employment and her living expenses exceeded $3,000 a week. Her sixty (60%) interest in the escrow fund was listed as undetermined. The present orders of $670 for child support and $360 for alimony of $365, a total order of $1,030, were based on these past affidavits.
The current affidavit filed on April 11, 1995 listed the husband's monthly income at $4,226.52 and expenses at $8,253.54. The wife's affidavit filed on the same date lists no income from employment, expenses of $3,355 a week and no cash assets. She lists substantial debts and testified she and her children were presently being evicted for non-payment of rent.
The court finds a substantial change in the wife's financial circumstances occurred on May 30, 1995, when she received $121,652.90 from Cohen Wolf, Trustees, as her sixty (60%) percent share of the escrow fund. The court also finds the husband's current monthly net earnings of $4,226 are about twenty (20%) less than the $5,299 he earned on November 23, 1993, which is a substantial reduction in his net monthly earnings.
The husband has assigned his distributive share of $112,341.20 (40%) to Cohen Wolf to pay his attorney's fees which now exceed $180,000; therefore, these funds are not available to him.
After finding a substantial change of circumstances of either party CT Page 7172 has occurred under § 46b-86a, the court is required to consider the current child support guidelines mandated by § 46b-215b(a) and the statutory criteria in § 46b-82 of the General Statutes, the alimony statute, and arrive at a fair and equitable order for child support and alimony. Farrow v. Vargas, 231 Conn. 1 (August 16, 1994); Borkowski v.Borkowski, 228 Conn. 729 (1994). A modification order must be based on current net income or available assets. Fahy v. Fahy, 227 Conn. 505
(1993).
Based on the foregoing findings, the court enters the following orders:
1. The husband shall pay the wife $430 a week in child support in accordance with the child support guidelines and alimony of $300 a week for a total order of $730 a week payable biweekly, on the 2nd and 16th of each month, effective as of the date of this modification. The child support order is based on the husband's net income of $1,032 a week. The court has equalized the balance of the husband's weekly income of about $600 in arriving at a periodic alimony order to the wife of $300 a week, which the court finds fair and equitable. The husband must adjust his current living expenses, listed as $8,253.53, to meet these child support and alimony obligations since the support of dependents is a primary obligation. Favrow v. Vargas, 222 Conn. 699, 714 (1992).
2. An immediate wage withholding order shall enter. The defendant and his attorney have agreed to sign the a voluntary wage withholding forms with the defendant's employer, Ryan R. Beck Co., in New Jersey to insure compliance with this modification order.
3. The defendant shall equally share with the wife any net bonus, after taxes, which he may receive during in 1995 and in any future year. He shall immediately send the wife verification of any bonus after it is paid to him by his employer.
3. The defendant shall also file a copy of his federal income tax return by May 1st of each year.
4. On or before June 2, 1995, the husband filed copies of certain money orders paid to the wife as proof of compliance with this court's finding of contempt against him as set forth in the memorandum of decision dated December 29, 1994. The court has retained jurisdiction of this finding of contempt to insure compliance with said decision. CT Page 7173
Orders shall enter as set forth
ROMEO G. PETRONI, JUDGE